**THIS ORDER IS SIGNED AND ENTERED.**

Dated: July 21, 2010

_____
Hon. Robert D. Martin
United States Bankruptcy Judge

| UNITED STATES BANKRUPTCY COURT | WESTERN DISTRICT OF WISCONSIN |

In re

Todd M. Otis and
Kandice L. Otis,

    Debtors.

Todd M. Otis and
Kandice L. Otis,

    Plaintiffs,

v.

MILA, Inc. et al.,

    Defendants.

Case No. 3-10-11015-rdm

Adversary Proceeding

No. 3-10-00068-rdm

**Judgment In Favor of Plaintiffs Against
Defendants MILA, Inc. and JPMorgan Chase Bank, NA**

On the motion the plaintiffs Todd and Kandice Otis, judgment is hereby granted in favor of the plaintiffs and such defendants as follows:

The above-named plaintiffs having brought this adversary proceeding alleging, among other things that a certain described mortgage originally to MILA, Inc. and against plaintiffs' homestead real estate are avoidable pursuant to 11 U.S.C. 506 and other applicable law; and

Defendant JPMorgan Chase Bank, NA being the holder by assignment of such creditor's and mortgagee's interest;

Such defendants having been duly served as shown by proof

thereof on file with the court, and having failed to answer or appear; and

The court having received satisfactory proof of all elements of the plaintiffs' allegations against such defendants;

1. It is hereby adjudged that the mortgages shown of record in the records of the Dane County, Wisconsin, Register of Deeds as follows:

> Document number 4204187, recorded June 19, 2006, and assigned to JPMorgan Chase Bank, NA on March 17, 2010 by document number 4641801.

are fully satisfied and no longer of any force and effect.

In particular, such mortgage shall no longer constitute a lien or claim against the following property:

> Northland Manor, Block 9, Lot 27, City of Madison, Dane County, Wisconsin

2. Should the petitioners' Chapter 13 debt adjustment case be dismissed without a discharge of debts, the rights of the parties shall be governed by 11 U.S.C. 349(b)(1)(C), and the lien reinstated to the extent provided therein. To protect the defendant's potential reinstatement rights thereunder, its mortgage shall remain unsatisfied of record pending further order of the court, a different agreement between the parties, or the granting of a discharge of debts. The plaintiffs may reopen this adversary proceeding at any time to move for modification of this provision for cause, including but not limited to the need to clear title to the property for purposes of sale or refinancing.

3. The claim of such defendants heretofore secured by the avoided mortgage shall not be allowable as an unsecured claim in the petitioners' Chapter 13 debt adjustment case, such claim having been discharged in a prior bankruptcy case

4. Subject to the terms hereof, this adversary proceeding is dismissed as to such defendants with prejudice and without costs to any party.

                    *            *            *